UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

KAREN ABRAUGH,                       CIVIL ACTION NO. 20-cv-0252
INDIVIDUALLY & AS ADMINISTRATOR

VERSUS                                       JUDGE FOOTE

BILL ALTIMUS, ET AL.                  MAGISTRATE JUDGE HORNSBY

**MEMORANDUM ORDER**

Randall Abraugh was a pretrial detainee who died in a Bossier Parish jail. His mother, who also alleged that she is his estate representative, filed a complaint in February 2020 that asserted claims against the sheriff and several other state and local officials and employees. The claims include civil rights violations based on 42 U.S.C. § 1983 and claims under Louisiana wrongful death and survival laws. Rule 15 allows a party to amend its pleading once, without leave, if it is filed within a certain time. Plaintiff spent that opportunity when she filed an amended complaint two days after she filed her original complaint.

The defendants responded to the first amended complaint with motions to dismiss. Docs. 9, 10, 11, 12, 14 & 25. After the motions were briefed, Plaintiff filed a Motion for Leave to File Second Amended Complaint (Doc. 34) that is now before the court. Plaintiff asks to substitute and correct the named Plaintiff (including adding additional family members as plaintiffs) and make some allegations in an effort to address the shortcomings urged in the motions to dismiss. She does not add any new defendants or claims.

Defendants filed a joint response (Doc. 38) to the motion.  They do not oppose the court granting leave to amend, and they concede that the second amended complaint will render moot their motions to dismiss.  They do ask that Plaintiff be ordered to plead her best case and be prohibited from filing future amendments in response to the new round of motions they plan to file with respect to the newest complaint.  Plaintiff's counsel states in reply (Doc. 39) that he is not attempting to delay or engage in a merry-go-round of motions and amendments, but he objects to being barred from amending in this relatively new suit if additional facts were to surface through disclosure or additional pleadings.

Given the policies behind Rule 15 and the early stage of this case, Plaintiff's **Motion for Leave to File Second Amended Complaint (Doc. 34)** is **granted**.  The **Motions to Dismiss (Docs. 9, 10, 11, 12, 14 & 25)** are **denied without prejudice** to the right of the defendants to reassert any argument or defenses raised in them.

Plaintiff does not indicate in her reply that she is now willing or able to plead any better case than she offered in her second amended complaint.  Plaintiff is nonetheless directed to take until **July 31, 2020** and consider whether she has pleaded her best case.  If she does not file a motion for leave to amend by that date, the defendants are directed to respond to the second amended complaint by **August 14, 2020**.  This may delay the case a bit in the short run, but it should promote efficiency by avoiding the likelihood of serial motion practice,

Plaintiff is not prohibited in advance from seeking leave to amend after any motions to dismiss are filed.  But she is advised that, considering the opportunities she has been afforded to avoid the need for such requests, any such motion will be looked upon with

disfavor and require a showing of good cause. The Fifth Circuit "on multiple occasions has found no abuse of discretion where a district court declined to allow a third opportunity to amend a complaint." Angel v. La Joya Independent School District, 717 Fed. Appx. 372, 382 (5th Cir. 2017). See also U.S. ex rel. Adrian v. Regents of Univ. of Cal., 363 F.3d 398, 403–04 (5th Cir.2004) (affirming dismissal and finding district court did not abuse its discretion in denying leave to file a third amended complaint where plaintiff had already been directed to plead his best case).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 15th day of July, 2020.

Mark L. Hornsby
U.S. Magistrate Judge