UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| KAREN ABRAUGH | CIVIL ACTION NO. 20-252 |
| VERSUS | JUDGE ELIZABETH E. FOOTE |
| BILL ALTIMUS, ET AL. | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM RULING**

Before the Court are eight motions to dismiss. Record Documents 45, 48, 50, 51, 52, 53, 54, and 60. Together, these motions seek dismissal of all claims against all Defendants who have made an appearance in this action stemming from the death of Randall Abraugh ("Mr. Abraugh") while detained at Bossier Maximum Security Facility ("BPMS"). The motions raise a variety of challenges, some related to individual Defendants and some that challenge the validity of the action as a whole. All of the motions have been fully briefed and are ripe for review. Because the Court concludes that the original Plaintiff in this matter, the decedent's mother, Karen Abraugh, lacks standing, the motions asserting this argument [Record Documents 48, 50, 51, 52, 53, 54, and 60] are **GRANTED**. The remaining motion to dismiss which does not assert the standing argument [Record Document 45] is **DENIED as moot**.

**Background**

I. Facts

Around 11:00 p.m. on February 28, 2019, authorities booked Mr. Abraugh into BPMS as a pretrial detainee. Record Document 44 at ¶s 22-23. Mr. Abraugh arrived "intoxicated and medicated and had a history of mental health treatment" and was identified as a detainee who

1

should be "followed for alcohol withdrawal syndrome and possible delirium tremens." *Id.* at ¶ 23. Despite this, Mr. Abraugh was placed in a cell without operable water where he was not observed, monitored, or provided with liquids or medications. *Id.* at ¶s 23-27. At approximately 5:00 p.m. on March 1, 2019, "Mr. Abraugh was found in his cell hanging from his bedsheets." *Id.* at ¶ 34. Emergency medical services arrived and were able to restore Mr. Abraugh's cardiac function, and he was transported to the hospital for treatment. *Id.* at ¶ 35. On March 4, 2019, Mr. Abraugh died as a result of "untreated symptoms of alcohol and benzodiazepine withdrawal and delirium tremens" that he experienced while at BPMS. *Id.* at ¶ 36.

## II. Procedural History

On February 25, 2020, Plaintiff Karen Abraugh, Mr. Abraugh's mother, filed a complaint individually and on behalf of Mr. Abraugh's estate. Record Document 1. She brought claims for civil rights violations under 42 U.S.C. § 1983 and wrongful death and survival actions under Louisiana law. *Id.* The Complaint states that the Louisiana wrongful death claim is brought "on behalf of herself and all survivors." *Id.* at ¶ 4. It lists Kelsey Rice Abraugh ("Kelsey Abraugh"), Mr. Abraugh's wife, as a survivor. *Id.* at ¶ 67. On February 27, 2020, Karen Abraugh filed an Amended Complaint. Record Document 3. Defendants then filed multiple motions to dismiss. Record Documents 9, 10, 11, 12, 14, and 25. Thereafter, in July 2020, Karen Abraugh sought leave to again amend her complaint. Record Document 34. The Magistrate Judge granted leave to amend and dismissed all pending motions to dismiss as moot. Record Document 40.

The Second Amended Complaint filed in July 2020 names Karen Abraugh as a Plaintiff in her individual capacity and in her capacity as administrator of Mr. Abraugh's estate. Record Document 41 at ¶ 4. For the first time, Karen Abraugh asserts that she is filing a wrongful death claim on behalf of Mr. Abraugh's minor daughter, M.A. *Id.* Additionally, this complaint explicitly names Kelsey Rice Abraugh as a plaintiff. *Id.* Plaintiffs again sought leave to amend their complaint in July 2020 and were granted leave to do so in August 2020. Record Documents 42 and 43. This Third Amended Complaint still names Karen Abraugh as a plaintiff in her personal capacity and as the administrator of Mr. Abraugh's estate, still names Kelsey Abraugh as a plaintiff, and names Reashelle Morrow ("Morrow") instead of Karen Abraugh as a plaintiff on behalf of M.A. Record Document 44 at ¶ 4. The complaint alleges that Morrow is M.A.'s mother. *Id.*

### III.   Motions Overview

In response to Plaintiffs' Third Amended Complaint, Defendants filed multiple motions to dismiss. The "State Defendants"—the Board of Supervisors of Louisiana State University Agricultural and Mechanical College ("LSU Board"), State of Louisiana Office of Risk Management ("ORM"), and Russel W. Roberts, MD ("Dr. Roberts")—seek dismissal of all claims against them based on sovereign immunity for ORM and the LSU Board, lack of subject matter jurisdiction as to any medical malpractice claims against Dr. Roberts, failure to state a claim upon which relief can be granted, and failure to complete the medical review panel requirements of the Louisiana Malpractice Liability for State Services Act ("LMLSA"). Record Documents 45 and 45-2 at 1-2.

The "Doctor Defendants"—Dr. Susan Tucker, Dr. Anita Flye, and Dr. Roberts—seek dismissal of all claims filed by Karen Abraugh because she lacks capacity[1] to file suit and dismissal of all claims filed by Morrow and Kelsey Abraugh because they are time-barred. Record Document 48. They also argue that Plaintiffs failed to complete the LMLSA process prior to bringing suit and that Plaintiffs have failed to state a claim against any of the Doctor Defendants. *Id.*

Defendants Bossier Parish Police Jury and Bossier Parish, Louisiana, collectively "Bossier Parish Defendants," filed a motion to dismiss asserting that Karen Abraugh lacked standing to bring suit and that the claims of Kelsey Abraugh and Morrow are prescribed. Record Documents 50 and 50-1 at 14-21. They assert various other reasons that all claims against them must be dismissed. Record Document 50-1 at 23-27. Defendant Bill Altimus filed a motion to dismiss also arguing that Karen Abraugh lacked standing, that Kelsey Abraugh's and Morrow's claims are prescribed, and that all other claims against him must be dismissed. Record Documents 51 and 51-1. Defendants James Cochran, Jessica Farrington, and Cynthia Holley each filed a similar motion to dismiss. Record Documents 52, 52-1, 53, 53-1, 54, and 54-1. Finally, the "BSO Defendants"— the Bossier Sheriff's Office, Sheriff Julian Whittington, and Warden Rodney Boyer—filed a motion to dismiss raising similar arguments. Record Documents 60 and 60-1.

Because the motions have raised challenges to Karen Abraugh's standing which could result in dismissal of all claims against all Defendants, the Court turns first to this issue.

---

[1] The Doctor Defendants initially argued that Karen Abraugh lacked capacity to file suit under Federal Rule of Civil Procedure 17. Record Document 48-1 at 10-12. In their reply, however, they assert that Karen Abraugh lacked standing. Record Document 72 at 10-11.

4

## Law and Analysis

### I. Rule 12(b)(1) Standard

Motions filed under Federal Rule of Civil Procedure 12(b)(1) allow a defendant to challenge the subject matter jurisdiction of the court to hear a case. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). A district court may "find that subject matter jurisdiction is lacking based on '(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.'" *Wolcott v. Sebelius*, 635 F.3d 757, 762 (5th Cir. 2011) (quoting *Ramming*, 281 F.3d at 161). If such jurisdiction is lacking, the case is properly dismissed. *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). As the party asserting jurisdiction, the plaintiff bears the burden of proving that jurisdiction exists. *Ramming*, 281 F.3d at 161. If a Rule 12(b)(1) motion is filed with other Rule 12 motions, a court should first consider the Rule 12(b)(1) challenge before addressing any challenges based on the merits. *Id.*

### II. Karen Abraugh's Standing to Sue

Multiple Defendants contend that from the inception of this lawsuit, Karen Abraugh has lacked standing to pursue any claims, both individually and as the administrator of Mr. Abraugh's estate. *E.g.,* Record Documents 50-1 at 14-19, 51-1 at 13, and 60-1 at 16. They argue that only individuals entitled to recover under a state's wrongful death or survival statutes have standing to sue in federal court pursuant to 42 U.S.C. § 1983. Record Document 50-1 at 15. The Defendants maintain that, applying that principle to the instant case, only Kelsey Abraugh and M.A. have standing to sue because they are the only individuals with the right to recover

5

under Louisiana's wrongful death and survival statutes. *Id.* Because Karen Abraugh has never had standing to pursue a claim in this matter, they argue that she also lacked the ability to amend her complaint to add additional plaintiffs who have standing to pursue the claims at issue. *Id.* at 17-18. They therefore conclude that this case must be dismissed with prejudice as to Karen Abraugh. Record Document 76 at 8.

Plaintiffs do not contend that Karen Abraugh had standing in this matter. Instead, they argue that Kelsey Abraugh's inclusion in the Complaint was sufficient to confer upon her standing and, as such, the standing to amend the Complaint. Record Document 84 at 2-4. They also argue that regardless of who is considered a plaintiff to the Complaint, they must be given the chance to substitute a proper plaintiff under Rule 17. *Id.* at 5-8. Finally, Plaintiffs cite the Fifth Circuit's decision in *Nobre v. Louisiana Department of Public Safety*, 935 F.3d 437 (5th Cir. 2019). Record Document 64-1 at 11-16. They argue that the facts of that case are indistinguishable from the instant case and that the Court should therefore reach the same result. *Id.*

Thus, the Court must address several issues. First, whether Kelsey Abraugh was a "plaintiff" in the Complaint such that the Court acquired subject matter jurisdiction and she unquestionably had standing to amend the Complaint. Second, if Kelsey Abraugh was not a "plaintiff" in the Complaint, whether Karen Abraugh, as the sole plaintiff named in the Complaint, had standing to bring the claims asserted therein. Third, if not, whether Karen Abraugh could amend her complaint to substitute a plaintiff with standing. The Court turns first to whether Kelsey Abraugh was a plaintiff in the Complaint.

### A. Plaintiffs in the Original Complaint

Kelsey Abraugh's name appears in the timely filed Complaint. Record Document 1.

Paragraph 67 of the Complaint states that:

> 67. Abraugh is survived by his biological mother, Karen Abraugh; his biological father, Troy Layne Abraugh; his wife, Kelsey Rice Abraugh; and his biological siblings, Hannah Abraugh and Hillary Montgomery.

Record Document 1 at ¶ 67. Paragraphs 4 and 68 reference Abraugh's survivors. They state:

> 4. Plaintiff, Karen Abraugh, is an adult who lives in Wilmot, Arkansas. Karen Abraugh is the biological mother of the decedent, Randall Layne Abraugh. On or about October 16, 2019, the Probate Court of the State of Arkansas, Ashley County, issued letters of Administration, appointing Karen Abraugh, Administrator of the Estate of Randall Layne Abraugh. Karen Abraugh also asserts a personal Louisiana wrongful death claim on behalf of herself and all survivors.
>
> 68. Karen Abraugh asserts this wrongful death action on behalf of Abraugh's survivors to recover wrongful death damages as provided by Louisiana law.

Record Document 1 at ¶s 4 and 68. Paragraph 71 continues:

> 71. As a direct and proximate result of the aforementioned negligence of Defendants, Plaintiff's decedent's heirs, including his wife, father, mother, and sisters, suffered mental anguish occasioned by the traumatic and needless unexpected death of their husband, son, and brother, all of which has damaged them in an amount which exceeds the amount necessary for federal diversity action.

Record Document 1 at ¶ 71.

Plaintiffs argue that Kelsey Abraugh's aforementioned inclusion in the Complaint was sufficient to "correctly commence this suit by a party with standing to do so." Record Document 84 at 3. They argue that under liberal pleading rules, it is clear in the Complaint that Kelsey Abraugh seeks to recover damages arising from her husband's death. *Id.* at 2-3. They argue that the failure to include Kelsey Abraugh in the caption of the complaint should

7

not be determinative, especially because complaints should be interpreted to do justice. *Id.* at 3-4.

Defendants disagree. They note that in the Complaint, Karen Abraugh is the only plaintiff named in the caption, she is the only plaintiff listed in the "Parties" section of the Complaint, and throughout the Complaint, "Plaintiff" is used in the singular form. Record Document 83 at 6-7. They argue that Karen Abraugh, as the sole Plaintiff, was "attempting to assert multiple wrongful death claims in her capacity as the 'Administrator of the Estate of Randall Layne Abraugh.' " *Id.* at 9. Finally, Defendants compare the complaints naming only Karen Abraugh as a plaintiff with the complaints adding additional plaintiffs and note that in the latter, "Plaintiffs" is used in the plural form and each individual is named in the caption. *Id.* at 7.

Federal Rule of Civil Procedure 10 governs the form of pleadings in federal court. Rule 10 requires that the "title of the complaint must name all the parties[.]" Fed. R. Civ. P. 10(a). However, the failure to name a party in a caption is not "determinative as to the identity of the parties to the action." 5A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1321 (4th ed. 2020). In regard to the failure to include a defendant in the caption of a case, Louisiana district courts have held that a party "may be properly in the case if the allegations in the body of the complaint make it plain that the party is intended as a defendant." *Deaville v. Capital One Bank*, 425 F. Supp. 2d 744, 750 (W.D. La. 2006) (quoting *Jones v. M/V Boomtown Belle Casino*, No. Civ. A 98-0084, 1998 WL 158746 *1 (E.D. La. 1998)).

Applying the aforementioned rule for defendants to the instant case, Kelsey Abraugh's inclusion in the timely filed Complaint is not sufficient for the Court to conclude that she was

a plaintiff asserting a claim. First, she was not included in the caption. While this is not determinative, she was also not listed as a party to the case in the "Parties" section, the Complaint consistently refers to a singular "Plaintiff," and when the Complaint mentions Kelsey Abraugh's damages, those statements accompanied by an explicit statement that Karen Abraugh is asserting the claims. Even liberally construed, this does not make it clear that Kelsey Abraugh was intended to be a party asserting a claim on her own in the Complaint.

Hence, the Court finds that Kelsey Abraugh was not named as a party in the timely filed Complaint. The only Plaintiff in this suit prior to July 2020 when Plaintiffs filed their Second Amended Complaint was Karen Abraugh. The Court must therefore determine whether Karen Abraugh, Mr. Abraugh's mother, had standing to pursue the claims in the Complaint.

### B. Karen Abraugh's Standing

Under Article III of the Constitution, federal courts only have jurisdiction over "Cases" and "Controversies." *Lance v. Coffman*, 549 U.S. 437, 439 (2007). "One component of the case-or-controversy requirement is standing, which requires a plaintiff to demonstrate the now-familiar elements of injury in fact, causation, and redressability." *Id.* Standing must be "determined as of the commencement of suit." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 570 n.5 (1992). Thus, if a plaintiff lacks standing when it commences its lawsuit, a federal court does not have subject matter jurisdiction over his or her claim. *Norris v. Causey*, 869 F.3d 360, 366 (5th Cir. 2017). Because 42 U.S.C. § 1988 directs federal courts to use state common law to "fill the gaps in administration of civil rights suits," standing in cases filed under 42 U.S.C.

§ 1983 is determined by examining whether a plaintiff has standing under the relevant state's wrongful death or survival statutes. *Pluet v. Frasier*, 355 F.3d 381, 383 (5th Cir. 2004).

In Louisiana, who has a right of action, or standing,[2] to bring a wrongful death or survival action is governed by the articles creating the cause of action. *Rismiller v. Gemini Ins. Co.*, 20-0313, *4 (La. 12/11/20); --- So. 3d ---. Louisiana Civil Code Article 2315.1 provides that when a person who has been injured by an offense dies, the right to recover for the injuries suffered by that person survives for a period of one year in favor of:

> (1) The surviving spouse and child or children of the deceased, or either the spouse or the child or children.
>
> (2) The surviving father and mother of the deceased, or either of them if he left no spouse or child surviving.
>
> (3) The surviving brothers and sisters of the deceased, or any of them, if he left no spouse, child, or parent surviving.
>
> (4) The surviving grandfathers and grandmothers of the deceased, or any of them, if he left no spouse, child, parent, or sibling surviving.

La. Civ. Code art. 2315.1(A). Thus, the survival action article sets out a hierarchy governing who has a right of action, beginning first with a decedent's surviving spouse and children. The wrongful death article employs an identical hierarchy in determining who has a right of action:

---

[2] Louisiana law does not use the term "standing" in the same way as federal courts. Instead, Louisiana courts examine whether an individual has a "right of action." *See Rismiller v. Gemini Ins. Co.*, 20-0313, *3 (La. 12/11/20); --- So. 3d --- (explaining that a challenge that a plaintiff has no right of action "assumes the petition states a valid cause of action for some person and questions whether the plaintiff in the particular case is a member of the class that has a legal interest in the subject matter of the litigation."). While these terms may not perfectly overlap in meaning, district courts equate having a right of action with having standing for purposes of § 1983 actions. *See e.g. Tajonera v. Black Elk Energy Offshore Operations, L.L.C.*, 16 F. Supp. 3d 755, 762 (E.D. La. 2014).

> A. If a person dies due to the fault of another, suit may be brought by the following persons to recover damages which they sustained as a result of the death:
>
> (1) The surviving spouse and child or children of the deceased, or either the spouse or the child or children.
>
> (2) The surviving father and mother of the deceased, or either of them if he left no spouse or child surviving.
>
> (3) The surviving brothers and sisters of the deceased, or any of them, if he left no spouse, child, or parent surviving.
>
> (4) The surviving grandfathers and grandmothers of the deceased, or any of them, if he left no spouse, child, parent, or sibling surviving.

La. Civ. Code art. 2315.2(A).

In this case, it is clear from the face of Karen Abraugh's Complaint that she lacks a right of action under Louisiana law because she pleads that Mr. Abraugh had a wife, Kelsey Abraugh. This means that Kelsey Abraugh is the individual with a right of action to pursue the claims stated in the Complaint.[3] Hence, Karen Abraugh lacked a right of action, or standing, to pursue any of the claims in her Complaint, both in her capacity as an individual and as administrator of Mr. Abraugh's estate. The Court must therefore determine whether the fact that Karen Abraugh has lacked standing from the inception of the lawsuit prevented her from amending her Complaint to add Plaintiffs with standing, in this case Kelsey Abraugh and Morrow as the representative of M.A.

---

[3] From the record in this case, it is apparent that M.A., Mr. Abraugh's daughter, also has a right of action, though she is not mentioned in the Complaint.

11

### C. Karen Abraugh's Ability to Amend Her Complaint

Defendants contend that because Karen Abraugh lacked standing to file suit, the Court has lacked subject matter jurisdiction from the inception of the suit, and Karen Abraugh has lacked the ability to cure the jurisdictional deficiency by amending her complaint to add Plaintiffs with standing. Record Document 76 at 14-15. Plaintiffs respond by directing the Court's attention to a closely analogous case, *Nobre v. Louisiana Department of Public Safety*, 935 F.3d 437 (5th Cir. 2019), where the Fifth Circuit applied the relation-back doctrine, thus at least tacitly finding that a plaintiff in Karen Abraugh's situation can amend her complaint to add or substitute new plaintiffs with a right of action under Louisiana law. Record Document 64-1 at 11. They also argue that they should be allowed to substitute a proper party plaintiff under Federal Rule of Civil Procedure 17. Record Document 84 at 5-7.

In *Summit Office Park, Inc., v. U.S. Steel Corp.,* the Fifth Circuit explained that "where a plaintiff never had standing to assert a claim against the defendants, it does not have standing to amend the complaint and control the litigation by substituting new plaintiffs[.]" *Summit Office Park, Inc.*, 639 F.2d 1278, 1282 (5th Cir. 1981). The Fifth Circuit affirmed this principle in *Aetna Casualty & Surety Co. v. Hillman*, where it held that "[I]f Aetna did not have the ability to bring the suit in federal court it could not amend." *Aetna Cas. & Sur. Co. v. Hillman*, 796 F.2d 770, 774 (5th Cir. 1986). Additionally, the Fifth Circuit has held that Federal Rule of Civil Procedure 15 "does not permit a plaintiff [to] amend[ ] its complaint to substitute a new plaintiff in order to cure the lack of subject matter jurisdiction." *Fed. Recovery Servs. Inc. v. United States*, 72 F.3d 447, 453 (5th Cir. 1995) (summarizing *Aetna Cas. & Sur. Co.*, 796 F.2d at 774).

In this case, the clear and simple application of *Summit Park* and its progeny is that Karen Abraugh could not properly amend her Complaint to add additional plaintiffs with standing. *See Hernandez v. Smith*, 793 F. App'x 261, 265-66 (5th Cir. 2019) (finding that when the plaintiff in the initial complaint lacked standing—and had not merely sued in the incorrect capacity—the plaintiff could not amend the complaint to cure the jurisdictional defect). As previously explained, Karen Abraugh lacked standing to file the instant suit because she lacks a right of action under Louisiana law. Therefore, the Court lacked subject matter jurisdiction over this suit and Karen Abraugh could not properly amend her Complaint to add or substitute a plaintiff with standing to cure this jurisdictional defect.

Plaintiffs have raised several arguments to the contrary that the Court must address, however. First, whether the Fifth Circuit's recent decision in *Nobre v. Louisiana Department of Public Safety* mandates a different result. Second, whether Plaintiffs must be allowed to amend their complaint pursuant to Federal Rule of Civil Procedure 17.

In *Nobre*, a mother filed suit alleging that prison officials and an inmate were liable under § 1983 and Louisiana wrongful death and survival statutes for her son's death while incarcerated. *Nobre*, 935 F.3d at 438. The mother subsequently discovered that her son had two children, meaning she was not permitted to recover under either the Louisiana wrongful death or survival statutes. *Id.* 439. The mother made a motion to amend her complaint to substitute the children's mothers as plaintiffs to the suit on behalf of the children, but this occurred sixteen days after the one-year prescriptive period expired. *Id.* Because the children's representatives were not substituted into the suit until after the prescriptive period passed, the court had to consider whether the children's claims related back to the decedent's mother's

13

timely filed complaint. *Id.* at 439-40. Ultimately, the Fifth Circuit concluded that they did. *Id.* at 444.

In explaining the facts of the case, the *Nobre* court described the substitution of the children for the mother as substituting the "proper party" as plaintiffs to the action. *Id.* at 439. The Court made no mention of the mother's standing to file suit. From the *Nobre* court's use of the term "proper party," this Court surmises that the *Nobre* court either: 1) did not consider whether the decedent's mother's suit must be dismissed because she lacked standing from the start; or 2) did consider standing and concluded, without directly stating so in the opinion, that the mother had standing, but was merely not the proper party plaintiff to pursue the action. The latter is seemingly a conclusion in conflict with the Fifth Circuit's earlier holding in *Pluet v. Frasier* directly addressing "standing" to file a § 1983 action and with an unpublished case decided several months after *Nobre*, *Hernandez v. Smith*, where the Fifth Circuit again addressed whether an individual had "standing" to file a § 1983 claim. *Pluet*, 355 F.3d at 383; *Hernandez*, 793 F. App'x at 265. This Court therefore declines to infer that the *Nobre* court considered and rejected the standing issue and will instead follow the jurisprudence directly addressing standing. Hence, *Nobre* does not change the Court's conclusion that Karen Abraugh lacked standing to amend her Complaint.

The Court next turns to Plaintiffs' Federal Rule of Civil Procedure 17 argument. Rule 17 provides that a court "may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action." Fed. R. Civ. P. 17(a)(3). Thus, by its terms, Rule 17 applies to defects in naming the real party in interest. A real-party-in-

14

interest challenge or capacity challenge differs from an Article III standing challenge. *Norris*, 869 F.3d at 366. For example, the former is nonjurisdictional while the latter is jurisdictional; a party may have standing to sue but not be the proper party to sue to enforce the right. *Id.* at 367 (citing *Rideau v. Keller Indep. Sch. Dist.*, 819 F.3d 155, 163 (5th Cir. 2016)). The challenge in this case is to Article III standing, not a real-party-in-interest challenge, and Rule 17 is therefore inapplicable to the defect at issue.

## Conclusion

The Court concludes that Karen Abraugh lacked standing to file suit in this matter. She consequently lacked standing to amend her complaint to add to the suit additional plaintiffs with standing to sue. Therefore, there are no plaintiffs with standing properly before the Court at this time and the case must be dismissed for lack of subject matter jurisdiction. The pending motions to dismiss asserting this argument [Record Documents 48, 50, 51, 52, 53, 54, and 60] are **GRANTED**. The remaining motion to dismiss which does not assert the standing argument [Record Document 45] is **DENIED as moot**. Karen Abraugh's claims, individually and in her capacity as the administrator of Mr. Abraugh's estate, are **DISMISSED with prejudice** for lack of standing. A judgment stating the same will issue herewith.

**THUS DONE AND SIGNED** this 30th day of March, 2021.

_____
ELIZABETH E. FOOTE
UNITED STATES DISTRICT JUDGE