UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| KAREN ABRAUGH | CIVIL ACTION NO. 20-252 |
|---|---|
| VERSUS | JUDGE ELIZABETH E. FOOTE |
| BILL ALTIMUS, ET AL. | MAGISTRATE JUDGE HORNSBY |

### ORDER

Before the Court is Defendants' Motion For Plaintiff To File A Rule 7(a) reply. [Record Document 164]. For the following reasons, the motion is **GRANTED**.

The Plaintiff filed this civil rights, wrongful death, and survival action after Randall Abraugh, the decedent, died while in the custody of Bossier Maximum Security Facility. A predominant legal issue in this case is the Defendants' assertion of qualified immunity, and Plaintiff has recently filed her <u>Fourth</u> Amended Complaint. The record demonstrates a pattern of issues with the allegations set forth in each of the Plaintiff's complaints. The Court has granted several opportunities to amend the complaint because if pleaded adequately, the claims may have merit. Still, the most recent complaint contains vague and conclusory allegations. As such, the Court finds a Rule 7(a) response to the defense of qualified immunity is justified. The Fifth Circuit has stated that "[w]hen a public official pleads the affirmative defense of qualified immunity in his answer, the district court may, on the official's motion or on its own, require the plaintiff to reply to that defense in detail." *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir. 1995). It further noted that requiring a plaintiff to file such a reply is within the district court's discretion; however, "[v]indicating

the immunity doctrine will ordinarily require such a reply, and a district court's discretion not to do so is narrow indeed when greater detail might assist." *Id*. at 1433-34. *See Ford v. Caddo Par.*, No. CV 15-0544, 2020 WL 1644054, at *1 (W.D. La. Apr. 2, 2020) ("Under Fifth Circuit precedent, when faced with a complaint consisting of vague or conclusory allegations against a defendant who raises a qualified immunity defense, the Court should first order the plaintiff to file a Rule 7(a) reply that is tailored to specifically address the defendant's assertion of qualified immunity.").

The Plaintiff's Rule 7(a) reply should contain "allegations of fact focusing on the conduct of [each] individual who caused the [plaintiff's] injury," which, if proven, would establish the Defendants violated a clearly established constitutional or statutory right. *Reyes v. Sazan*, 168 F.3d 158, 161 (5th Cir. 1999); *Ford,* 2020 WL 1644054, at *2. The Plaintiff's Rule 7(a) reply, which will primarily address the Defendants' assertion of qualified immunity, will influence any future arguments raised by the parties. *See Ford,* 2020 WL 1644054, at *2. Thus, the Plaintiff should file a Rule 7(a) reply prior to the Defendants filing any responsive pleadings. *See id*. (denying a motion for judgment on the pleadings with the right to re-urge after the plaintiff filed its Rule 7(a) reply).

Accordingly, based on the foregoing reasons, **IT IS ORDERED** that the Defendants' motion for a Rule 7(a) reply [Record Document 164] is **GRANTED**. Plaintiff's Rule 7(a) reply is due by **November 30, 2023.**

**IT IS FURTHER ORDERED** that Defendants shall file responsive pleadings on or before **December 21, 2023.**

**THUS DONE AND SIGNED** this 23rd day of October, 2023.

ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE